**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CYNTHIA GREENWOOD.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22-cv-2420-SMY** |
| | ) | |
| **TROY J. PARRISH, WAYNE COUNTY** | ) | |
| **SHERIFF'S DEPARTMENT, WAYNE** | ) | |
| **COUNTY STATE'S ATTORNEY, AND** | ) | |
| **FAIRFIELD CITY POLICE,** | ) | |
| | | |
| **Defendants.** | | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Cynthia Greenwood filed this *pro se* action against Troy J. Parrish, Wayne County Sheriff's Department, Wayne County State's Attorney, and Fairfield City Police (Doc. 2). District Judge Stephen P. McGlynn entered an Order on October 20, 2022, requiring Greenwood to show cause as to why her Complaint should not be dismissed for lack of subject matter jurisdiction. Greenwood filed a Response to the Order to Show Cause (Doc. 9). For the following reasons, Greenwood's Complaint is **DISMISSED without prejudice**.

In the Complaint, Greenwood alleges that Defendants Wayne County Sheriff, Wayne County State's Attorney, and Fairfield City Police breached a contract and extorted funds, and that Defendant Troy J. Parrish misrepresented and misappropriated funds under a breach of contract or product liability claim. In her response to the Order to Show Cause, Greenwood states that the defendants all participated in various levels of extortion or misappropriation of her funds after she won the lottery. Specifically, she asserts that she retained Defendant Parrish, a private attorney, to assist in various legal matters and paid him various amounts for his services. She further asserts

that she had various interactions with Defendants Wayne County Sheriff, Fairfield City Police, and Wayne County State's Attorney in which she was harassed and was subject to various misrepresentations regarding criminal charges and impound and forfeiture of her vehicles.

Federal courts are courts of limited jurisdiction.  As such, to proceed in federal court, a plaintiff must establish that the Court has subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.[1]  Greenwood has not met this burden on the face of the Complaint or in her Response to the Order to Show Cause.

Although Greenwood asserts that Defendants violated her civil rights, her Complaint does not state a claim under federal civil rights laws.  "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law."  *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015).  The "state actor" predicate to § 1983 liability must be satisfied for a claim to proceed against each defendant.

Here, Defendant Troy J. Parrish, is a private citizen, not a state actor.  Thus, Greenwood has no relief available against him under § 1983; any claims she may have against Parrish are state law claims and do not trigger federal question jurisdiction.  *See* 28 U.S.C. § 1331.

With respect to Defendants Wayne County Sheriff, Wayne County State's Attorney, and Fairfield City Police, Greenwood does not allege she was deprived of a right secured by the Constitution or the laws of the United State at the hands of these state actors.  While she alleges that she was harassed, extorted, and subject to misrepresentations and misappropriation, none of

---

[1] Greenwood does not invoke diversity jurisdiction under 28 U.S.C. §1332.

these actions amount to a deprivation of a right secured by the Constitution or the laws of the United States.  Thus, this Court does not have federal question jurisdiction over these claims as asserted.

For the foregoing reasons, Plaintiff's Complaint (Doc. 2) is **DISMISSED without prejudice** and all pending motions are **TERMINATED AS MOOT**.  The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED:  May 4, 2023**


**STACI M. YANDLE**
**United States District Judge**